1  NICOLA T. HANNA
   United States Attorney
2  THOMAS D. COKER
   Assistant United States Attorney
3  Chief, Tax Division
   MELISSA BRIGGS (Cal. Bar No. 320697)
4  Assistant United States Attorney
        Federal Building, Suite 7211
5       300 North Los Angeles Street
        Los Angeles, California 90012
6       Telephone: (213) 894-6165
        Facsimile: (213) 894-0115
7       E-mail: Melissa.Briggs2@usdoj.gov

8  Attorneys for the United States of America

9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                       EASTERN DIVISION

13 | UNITED STATES OF AMERICA,        | Case No.  5:20-cv-00204
14 |              Plaintiff,           | COMPLAINT FOR PERMANENT
15 |        v.                         | INJUNCTION AND OTHER
                                       | EQUITABLE RELIEF
16 | ROGER GUEVARA RAMIREZ,           |
17 | d/b/a R.G. INCOME TAX, R&R        |
   | INCOME TAX SERVICES, TAX FOR      |
18 | YOU, ROGER RAMIREZ INCOME TAX     |
   | PREPARATION,                      |
19 |                                   |
20 |              Defendant.           |
21
22

23        Plaintiff, the United States of America, complains and alleges as follows:

24        1.       Defendant, Roger Guevara Ramirez (hereinafter "Ramirez"), is a tax return

25 preparer operating out of Rancho Cucamonga, California, within the Central District of

26 California.  Ramirez has prepared and filed false and fraudulent federal income tax

27 returns for customers doing business as R.G. Income Tax, R & R Income Tax Services,

28 Tax For You, and Roger Ramirez Income Tax Preparation.

                                   1

2.     Ramirez prepared federal income tax returns for his customers that, among other things, largely inflated or completely fabricated charitable contributions and unreimbursed employee business expenses.  Ramirez falsified these deductions to generate federal income tax refunds for his customers or substantially understate customers' tax liabilities.

3.     Ramirez has continually claimed false items on his customers' returns despite having been assessed with Internal Revenue Service ("IRS") penalties designed to deter such behavior.

4.     The IRS's administrative efforts to prevent Ramirez from continuing to prepare fraudulent returns on behalf of his customers have not dissuaded Ramirez's fraudulent behavior.  In fact, in 2019, Ramirez prepared hundreds of tax returns on behalf of customers that appeared to be self-prepared by his customers or that were filed using another preparer's identifying information.

5.     The United States brings this complaint pursuant to 26 U.S.C. (Internal Revenue Code or "I.R.C.") §§ 7401, 7402 and 7407, to permanently enjoin Ramirez from directly or indirectly:

a.     Acting as a federal tax return preparer, or filing, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other federal tax documents or forms, for any person or entity other than himself and his legal spouse;

b.     Owning, operating, managing, controlling, working for, profiting from, or volunteering for any business that provides services relating to the filing or preparation of federal tax returns;

c.     Seeking permission or authorization (or helping or soliciting others to seek permission or authorization) to file tax returns with an IRS Preparer Tax Identification Number ("PTIN") and/or IRS Electronic Filing Identification Number ("EFIN"), or other IRS service or program by which one prepares or files tax returns; and

d.    Using, maintaining, renewing, obtaining, transferring, selling, or assigning any PTIN(s) and EFIN(s).

### Authorization

6.    This action has been authorized by Chief Counsel of the IRS, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General of the United States, pursuant to I.R.C. § 7401.

### Jurisdiction and Venue

7.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345, and I.R.C. § 7402.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Ramirez resides in this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

### The Defendant

9.    Ramirez resides in San Bernadino County, California.

10.    Ramirez has been working in the tax preparation field for approximately 30 years.  Ramirez holds an Associate's degree in accounting, and also took income tax class preparation classes through H & R Block.  He holds no professional licenses or certifications.

11.    Ramirez has operated his own income tax preparation business in the Rancho Cucamonga, California area since 2003.

12.    Ramirez only prepares Form 1040 individual income tax returns.  Ramirez charges his customers between $150 and $500 for return preparation, depending on the customer's income and the number of forms prepared.  Most of his customers' fees are paid in cash.

13.     Based on information and belief, as of January 16, 2020, Ramirez, through his businesses, filed the following number[1] of federal income tax returns during the following calendar years:

| 2019 | 2018 | 2017 | 2016 | 2015 | 2014 | Total |
|------|------|------|------|------|------|-------|
| 323  | 386  | 623  | 1273 | 1501 | 1463 | 5569  |

**Ramirez's Relevant Fraudulent Tax Preparation Activities**

14.     Ramirez was issued a PTIN by the IRS on September 14, 2004.

15.     A PTIN is a unique identifier all tax return preparers who are compensated for preparing, or assisting in the preparation of, all or substantially all of any United States federal tax return must use to identify themselves on the return.

16.     Ramirez's PTIN expired on September 28, 2010.  On July 7, 2011, July 31, 2014, and again on March 25, 2015, the IRS notified that his PTIN was expired and that he must renew it in order to continue to file returns.  Despite those notices, Ramirez continued to file returns using his expired PTIN.[2]  Ramirez has never renewed his PTIN.

17.     On May 5, 2013, the IRS assessed against Ramirez 15 penalties totaling $16,000 under I.R.C. § 6694(a) for taking unreasonable positions on 2009 income tax year returns he prepared which resulted in understatements of tax liability, and 5 penalties totaling $5,000 under I.R.C. § 6694(a) for taking unreasonable positions on

---

[1]  The numbers of returns for the 2014-2018 calendar years are based on the number of returns filed under Ramirez's PTIN.  As discussed below, the number for the 2019 calendar year is based on the number of returns Ramirez provided in response to an IRS summons.

[2]  The IRS accepts and processes returns of preparers with expired PTINs as not to punish or harm taxpayers.

4

2010 income tax year returns he prepared which resulted in understatements of tax liability.

18.     On September 5, 2015, the IRS assessed a total of $141,500 in I.R.C. § 6694(b) penalties due to Ramirez's failure to use due diligence in claiming earned income tax credits for the 2012 income tax year.

19.     On April 5, 2017, the IRS assessed a total of $114,750 in I.R.C. § 6694(b) penalties due to Ramirez's failure to use due diligence in claiming earned income tax credits for the 2016 income tax year, and assessed a total of $72,420 in I.R.C. § 6694(b) penalties due to Ramirez's for failure to use due diligence in claiming earned income tax credits for the 2017 income tax year.

20.     In sum, the IRS assessed the following preparer penalties in 2012, 2013, 2015, and 2017 for returns Ramirez filed for the 2009, 2010, 2012, 2016, and 2017 income tax years:

| Penalty type | Tax Year | Date imposed | Total in penalties |
|---|---|---|---|
| 6694(a) | 2009 | 05/05/2013 | $16,000 |
| 6694(a) | 2010 | 05/05/2013 | $5,000 |
| 6694(b) | 2012 | 09/5/2015 | $141,500 |
| 6694(b) | 2016 | 04/05/2017 | $114,750 |
| 6694(b) | 2017 | 04/05/2017 | $72,420 |

21.     Routine IRS correspondence audits reveal that Ramirez has continually understated his customers' tax liabilities.

22.     Through January of 2020, the IRS has conducted correspondence audits of 1043 returns prepared by Ramirez for the 2012 through 2017 income tax years resulting in an average deficiency of $3,500 as follows:

| Income tax year | Number of audits | Average deficiency |
|---|---|---|
| 2012 | 232 | $2,000 |
| 2013 | 208 | $3,800 |
| 2014 | 277 | $3,900 |
| 2015 | 185 | $3,000 |
| 2016 | 111 | $3,207 |
| 2017 | 30 | $2,518 |
| **Total** | **1043** | **$3,500** |

23.     The IRS has received 14 complaints from the public regarding Ramirez's fraudulent tax preparation practices for 2008 to 2015 income tax returns on which Ramirez made false statements regarding deductions or expenses.

24.     All of the complaints were from former customers who complained about the false information Ramirez included in their returns.  Specifically, the customers complained about Ramirez fabricating deductions, expenses, and falsely reporting their income tax filing status.

25.     In 2016, Ramirez was notified that he was under investigation by the IRS regarding his return preparation practices.

26.     In furtherance of the investigation, the IRS interviewed 48 customers and a former employee of Ramirez.  The IRS determined from its interviews that Ramirez routinely fabricated or inflated items of income and expenses on schedules A, C, and E of his customers' income tax returns.

27.     Schedule A issues discovered included Ramirez inflating and or fabricating employee business expenses, as well as charitable contributions, and medical deductions. For example, Ramirez would fabricate tens of thousands of dollars of business expenses or thousands of dollars in charitable contributions.

28.     Schedule C issues included Ramirez inflating and fabricating deductions to offset gross receipts and self-employment taxes.  Ramirez also fabricated businesses for

customers who neither owned or operated businesses to create fictitious losses to generate tax refunds.

29.     Schedule E issues included Ramirez falsely claiming properties as rental properties that did not qualify as such.  Ramirez also understated rental income and understated expenses in order to generate rental losses.

30.     The IRS further investigated returns Ramirez filed for the 2016 and 2017 tax years by conducting examination audits of 31 of his customers' returns.  Based on those 31 audits, which occurred in the 2017 and 2018 calendar years, the IRS discovered that Ramirez fabricated employee business expenses, fabricated and/or inflated charitable contributions, and fabricated rental losses on the returns.

31.     For the 31 customers audited as a part of the investigation, the IRS discovered an average deficiency of $4,786 per return.

32.     In calendar year 2019, it appeared to the IRS that Ramirez's filing practices had changed.  Despite the fact that Ramirez was still operating his tax return preparation business, only 6 returns were filed under Ramirez's expired PTIN.

33.     In aid of its investigation, the IRS issued a summons to Ramirez on August 19, 2019, for a list of all customers for whom he prepared federal income tax returns from January 1, 2019 to June 15, 2019.

34.     In response to the summons, Ramirez personally brought copies of the first pages of 334 returns he prepared for the 2018 tax year and 3 copies of 2017 returns.  Only 3 of the 2017 income tax returns were signed by Ramirez with his PTIN.  For the 2018 returns he provided: 138 of the returns were not signed by a preparer, making it appear the returns were self-prepared; 187 were filed under the EFIN of a different individual as the tax preparer, and 11 were filed under the PTIN of another individual as the preparer.

35.     An IRS Revenue Agent interviewed Ramirez to discuss the documents provided in response to the summons.  According to Ramirez, he personally prepared all of the 334 returns he provided, and a total of 400 to 500 returns in 2019.

36.     As a result of its investigation of Ramirez's activities, on January 9, 2020, the IRS proposed an additional $444,950 in preparer penalties.  The IRS proposed $15,950 in penalties pursuant to I.R.C. § 6695(b) for 319 returns Ramirez prepared for the 2018 income tax year but did not sign as preparer.  The IRS proposed 85 penalties pursuant to I.R.C. § 6694(b) totaling $425,000 for returns Ramirez prepared in the 2012, 2013, 2014, 2015, 2016 income tax years in which he fabricated employee business expenses in order reduce his customers' tax liabilities or generate income tax refunds. The IRS also proposed $4,000 pursuant to I.R.C. § 6694(a) for returns filed for the 2017 income tax year based on Ramirez's fabrication of employee business expenses in order reduce his customers' tax liabilities or generate income tax refunds.

37.     In sum, the IRS proposed the following penalties on January 9, 2020:

| Penalty type | Tax Year | Number of Penalties | Total in penalties |
|---|---|---|---|
| 6694(b) | 2012 | 11 | $55,000 |
| 6694(b) | 2013 | 29 | $145,000 |
| 6694(b) | 2014 | 25 | $125,000 |
| 6694(b) | 2015 | 16 | $80,000 |
| 6694(b) | 2016 | 4 | $20,000 |
| 6694(a) | 2017 | 4 | $4,000 |
| 6695(b) | 2018 | 319 | $15,950 |
| | | | $444,950 |

**Harm to the Public and the United States**

38.     Ramirez's preparation of tax returns has harmed the public because the false or fraudulent tax returns that he prepared understated customers' correct income tax

liabilities and/or overstated the refunds due, thus illegally causing these customers to incorrectly report their federal tax liabilities.

39.     Many of Ramirez's customers have been harmed by Ramirez's failure to properly prepare tax returns.  Numerous customers' tax returns substantially understated their correct tax liabilities or overstated the refunds due.  As detailed above, the IRS has audited, through correspondence or exam audits, over a thousand of his customers' returns, and as a result, now may face income tax debts that also include sizeable penalties and interest.

40.     Ramirez's fraudulent practices likewise harmed the United States Treasury in the form of lost tax revenue.

41.     Ramirez prepared and filed a total of 5569 tax returns from 2014 to 2019. The average deficiency of $3,500 for Ramirez's returns examined by correspondence audit for the 2012 to 2017 income tax years suggests Ramirez's fraudulent returns resulted in over $19.4 million in harm to the United States from 2014 to 2019.

42.     Ramirez's misconduct further harms the United States and the public by requiring the IRS to devote its scarce resources to detect the fraud he has perpetrated both by fabricating information on returns and concealing his identity as the preparer of returns for others.  Likewise, the IRS must also devote resources to assessing and collecting lost tax revenues from Ramirez's customers.

43.     Ramirez's misconduct also harms the public at large by undermining public confidence in the federal tax system and encouraging widespread violations of the internal revenue laws.

## COUNT I: INJUNCTION UNDER I.R.C. § 7407

44.     The United States incorporates by reference the allegations contained in paragraphs 1 through 43 above.

45.     I.R.C. § 7407(b) provides the authority for the United States to obtain an injunction barring a person from acting as a tax return preparer if the preparer has

9

"engaged in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by this title" or has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws" and an injunction merely prohibiting such conduct "would not be sufficient to prevent such person's interference with the proper administration" of the internal revenue laws.

46.    I.R.C. § 6694(a) provides that penalties shall be imposed on "[a]ny tax return preparer who prepares any return or claim for refund with respect to which any part of an understatement of liability is due to". . . "an unreasonable position," that is a position that lacks "substantial authority."

47.    I.R.C. § 6694(b) provides that penalties shall be imposed on "[a]ny tax return preparer who prepares any return or claim for refund with respect to which any part of an understatement of liability is due to". . . "  a willful attempt in any manner to understate the liability for tax on the return or claim," or "a reckless or intentional disregard of rules or regulations."

48.    I.R.C. § 6695(b) provides that penalties shall be imposed on "[a]ny person who is a tax return preparer with respect to any return or claim for refund," who fails to sign a return.

49.    If a return preparer's misconduct is continual or repeated and the court finds that an injunction prohibiting misconduct would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from acting as a return preparer.   *See* I.R.C. § 7407(b).

50.    Because Ramirez prepared federal income tax returns for compensation, he is a tax return preparer as defined by I.R.C. § 7701(a)(36).

51.    As described above, Ramirez has continually and repeatedly engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the internal revenue laws.

52.     Ramirez has continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6694 by preparing federal tax returns that understated his customers' liabilities based on unrealistic, frivolous, and reckless positions.  Despite over $160,000 in preparer penalties being assessed for the 2009, 2010, and 2012 income tax years in 2013 and 2015, IRS investigations and audits show that he has continued to file returns with false statements to reduce his customers' liabilities or increase their refunds.

53.     In the 2019 calendar year, Ramirez filed all but 3 of the 334 returns he admitted to the IRS he prepared for others under another individual's EFIN or PTIN or falsely made the return appear as if self-prepared in violation of I.R.C. § 6695(b).

54.     Ramirez has been under scrutiny from the IRS since at least 2011.  He has been the subject of 14 customer complaints.  IRS investigations and audits reveal a pattern of fabrication of deductions and expenses as Ramirez has repeatedly prepared and filed fraudulent federal tax returns that understate his customers' correct income tax liabilities.  Ramirez has also failed to sign returns that he prepared, falsely making the returns appear that they were self-prepared, and also filed returns he prepared as prepared by another individual.  An injunction prohibiting Ramirez from preparing tax returns in any capacity is necessary to ensure that Ramirez does not continue his practice of preparing and filing false returns.

55.     Ramirez should be permanently enjoined under I.R.C. § 7407 from acting as a federal tax return preparer because other remedies or a more limited injunction would be insufficient to stop him from preparing false returns for customers and concealing his identity as the preparer of returns for others, and, thus, interfering with the proper administration of the tax laws.

## COUNT II: INJUNCTION UNDER I.R.C. § 7402(a)

56.     The United States incorporates by reference the allegations contained in paragraphs 1 through 43 above.

57.     Under I.R.C. § 7402(a), a court may issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

58.     Ramirez has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws, including by intentionally understating his customers' tax liabilities and by filing false federal tax returns and schedules to federal tax returns on behalf of his customers.

59.     Ramirez has continually prepared federal tax returns that understated his customers' liabilities based on unrealistic, frivolous, and reckless positions.  Despite over $160,000 in preparer penalties being assessed for the 2009, 2010, and 2012 income tax years in 2013 and 2015, IRS investigations and audits show that he has continued to file returns with false statements to reduce his customers' liabilities or increase their refunds.

60.     In August 2019, Ramirez provided the IRS copies of 334 income tax returns he admitted he prepared in the 2019 calendar year, yet all but 3 were filed under either another individual's identifying information or falsely stated that the return was self-prepared.

61.     An injunction prohibiting Ramirez from: (a) owning, operating, managing, controlling, working for, profiting from, or volunteering for any business that provides services relating to the filing or preparation of federal tax returns; (b) seeking permission or authorization (or helping or soliciting others to seek permission or authorization) to file tax returns with an IRS PTIN and/or IRS EFIN, or other IRS service or program by which one prepares or files tax returns; and (c) using, maintaining, renewing, obtaining, transferring, selling, or assigning a PTIN is necessary to ensure that Ramirez does not continue to interfere with the enforcement of the internal revenue laws.

62.     Unless this court enjoins his conduct, Ramirez will likely continue to engage in conduct interfering with the enforcement of the internal revenue laws. Injunctive relief should accordingly be ordered pursuant to I.R.C. § 7402(a).

1

### **RELIEF SOUGHT**

2       WHEREFORE, the United States of America requests the following relief:

3       A.     That the Court find Ramirez has continually and repeatedly engaged in

4   conduct subject to penalty under I.R.C. § 6694 and 6695, and that injunctive relief is

5   appropriate under I.R.C. §§ 7402(a) and 7407(b) to bar Ramirez from acting as a tax

6   return preparer;

7       B.     That the Court find Ramirez has substantially interfered with the

8   enforcement and administration of the internal revenue laws, and injunctive relief against

9   him is appropriate to prevent further misconduct pursuant to I.R.C. §§ 7402(a) and

10  7407(b)(2);

11      C.     That the Court permanently bar Ramirez from directly or indirectly:

12          1.  Acting as a federal tax return preparer, or filing, assisting in, or directing

13              the preparation or filing of federal tax returns, amended returns, or other

14              federal tax documents or forms, for any person or entity other than

15              himself or his legal spouse;

16          2.  Owning, operating, managing, controlling, working for, profiting from, or

17              volunteering for any business that provides services relating to the filing

18              or preparation of federal tax returns;

19          3.  Seeking permission or authorization (or helping or soliciting others to

20              seek permission or authorization) to file tax returns with an IRS PTIN

21              and/or IRS EFIN, or other IRS service or program by which one prepares

22              or files tax returns;

23          4.  Using, maintaining, renewing, obtaining, transferring, selling, or

24              assigning PTIN(s);

25      D.     That this Court allow the government full post-judgment discovery to

26  monitor Ramirez's compliance with the injunction; and

27

28

1     E.     That this Court grant the United States such additional relief as the Court

2  deems just and appropriate.

3

4                                              Respectfully submitted,

5                                              NICOLA T. HANNA
                                               United States Attorney
6                                              THOMAS D. COKER
                                               Assistant United States Attorney
7                                              Chief, Tax Division

8

9  Dated: January 30, 2020                     /s/Melissa Briggs

10                                             MELISSA BRIGGS
                                               Assistant United States Attorney
11
                                               Attorneys for the United States of America
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28